&c., iron ore found in the land, they had no property in the ore that would support an action of trover for the same.

4th. That the effect of the word "all" in this grant is not to give an exclusive right as against the grantor. It describes the extent to which the license may be exercised, not its exclusiveness. It is a grant of a right to take ore without stint, and is aptly compared to a right of common in gross sans nombre, which does not exclude the lord or owner of the land out of which it is granted.

5th. That such a right is indivisible, and unless the plaintiff as assignee is clothed with the whole, he has nothing, and cannot support this suit as against the owner of the land.

6th. And lastly: That the Case of Lord Mountjoy as reported by several authoritative reporters, and among them, by Lord Coke in his Commentary, is directly in point on both parts of the case, and rules it. Its authority has never been questioned; and the application of its doctrines to this case results in a conclusion which accords with our reason, and our sense of justice.

## Case No. 5,849a.

### GRUBB v. CLAYTON.

[Brunner, Col. Cas. 30;[1] 2 Hayw. (N. C.) 378.]

Circuit Court, D. North Carolina. 1805.

DISMISSAL OF ACTION—EFFECT OF—LIMITATION TO ACTION BY CREDITOR OF DECEASED PERSON.

1. A dismissal of a bill, except upon the merits, is no bar to a subsequent bill for the same cause.

2. If there be no administrator of a deceased creditor to bring suit, the act of 1789 requiring creditors in the state to bring their actions within three years cannot operate as a bar.

At law.

PER CURIAM. This cause was instituted formerly in Wilmington superior court. The act of 1715 was pleaded, and thereupon a case was made and stated for the court of conference, who decided that the said Act 1715, c. 48, § 9, was in force. The plaintiff's counsel then replied to the plea, and after the replication the whole bill was dismissed on their motion; that is to say, on the motion of the plaintiff's counsel. The suit was then instituted in this court, and the defendant's counsel have pleaded the former dismission in bar. We are of opinion that was not a dismission upon the merits considered of and decided by the court, and therefore that the plea in bar is not good. There is also another plea in bar, namely, Act 1789, c. 23, § 4, by which it appears that this suit was not commenced within three years from the qualification of the executors, though there was an administrator of Grubb in England. Now as there was no administrator in this country,

there was no person in being who could demand the debt, of course no creditor to be barred. The words of the act are: "The creditors of any person deceased, if they reside without the limits of this state, shall within three years from the qualification of the executor or administrator, exhibit and make demand," etc., "and if any creditor shall hereafter fail to demand and bring suit for the recovery," etc., "he shall forever be debarred," etc. The plaintiff, therefore, is not within the body of the act. We need not consider whether an exception shall be allowed of, which is not expressly mentioned in the act.

## Case No. 5,850.

### GRUNDY v. YOUNG.

[1 Cranch, C. C. 443.][1]

Circuit Court, District of Columbia. July Term, 1807.

ERROR—SUPERSEDEAS—INJUNCTION.

Motion for judgment on a forthcoming bond given on the original judgment, which had been enjoined. The injunction was dissolved on the 29th of April, 1807. The writ of error was taken out on the 14th of May, 1807. THE COURT rose on the 30th of April, 1807.

Judgment on the bond and execution awarded; the writ of error to the decree of dissolution being no supersedeas to the original judgment at law.

[NOTE. Case No. 5,851 was an action of debt upon the injunction bond. In 6 Cranch (10 U. S.) 51, the appeal from the interlocutory decree dissolving the injunction was dismissed in an opinion by Chief Justice Marshall. The bill in equity seeking to obtain relief from the judgment was dismissed by the circuit court upon final hearing, and the complainant appealed to the supreme court (7 Cranch [11 U. S.] 548), which, in an opinion by Mr. Justice Livingston, affirmed the decree.]

## Case No. 5,851.

### GRUNDY v. YOUNG.

[2 Cranch, C. C. 114.][1]

Circuit Court, District of Columbia. Nov. Term, 1815.

INTEREST—ON JUDGMENT DELAYED BY INJUNCTION.

A plaintiff at law, (in Alexandria, D. C.,) after dissolution of injunction, having taken out his execution, and obtained satisfaction of his judgment at law, cannot, in an action upon the injunction bond, recover the interest which accrued upon his judgment while he was delayed by the injunction.

Debt upon an injunction bond, to recover interest on a judgment at law during the pendency of the injunction. The condition of the bond was, that the complainant should pay "all money, and tobacco, and costs due,

---

1 [Reported by Albert Brunner, Esq., and here reprinted by permission.]

1 [Reported by Hon. William Cranch, Chief Judge.]